[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE:CT Page 14635 DEFENDANT'S MOTION TO STRIKE COUNTS SOUNDING IN RECKLESS OR INTENTIONAL CONDUCT
This case deals with the often seen vexing relationship between negligence counts and recklessness counts in injury complaints where a defendant seeks to strike the recklessness count because of its ostensible or real similarity to the negligence count.
The plaintiff, Kathryn E. Haley, Administratrix, has filed an eight count "second amended substitute complaint" against the defendants, Connecticut Light Power Company and Northeast Utilities Service. The defendants now move to strike the second, fourth, sixth and eighth counts of the complaint on the ground that these counts fail to allege sufficient facts to support claims of reckless or intentional conduct.
"Recklessness is a state of consciousness with reference to the consequences of one's acts, [i]t requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. . . ." Sheiman v.Lafayette Bank Trust, 4 Conn. App. 39, 45, 492 A.2d 219 (1985). "The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 522,542 A.2d 711 (1993). "[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than a mere thoughtlessness or inadvertence, or simply inattention." Id., 533.
In the present case, the factual allegations of both the negligence and recklessness counts are very similar. The fact that the recklessness counts contain allegations similar to the negligence counts, however, is not fatal to the recklessness count. See Bogrette v. Clark Equipment Co., Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 258940 (July 17, 1998, Levine, J.) (since Connecticut practice permits pleading in the alternative, "one can allege a single set of CT Page 14636 facts and plead alternative or even inconsistent legal conclusions from those facts").
Moreover, where the allegations of a count of a contested pleading support a cause of action for recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence. Fortier v. Hoban, Superior Court, judicial district of Waterbury, Docket No. 119573 (November 21, 1994, Sylvester, J.). In her latest complaint, the plaintiff has alleged, in part, that the defendants operated the Shepaug Dam in a reckless manner by "intentionally opening the Shepaug Dam with reckless disregard for the rights and/or safety, and with conscious knowledge of the fact that the injuries and substantial risk would be posed upon the public including serious personal injury and/or death as incurred by the plaintiff. . . ."[1]
An allegation of the defendants' knowledge of a hazard and the failure to take steps to prevent danger is sufficient to state a cause of action in recklessness. Cruz v. Tosado, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531845 (May 22, 1995, Henessey, J.).
It is frequently urged on this Count that the similarity of allegations renders one cause of action (usually, of course, the recklessness one) invalid. But similarity cannot be the sole focus. To so consider would often require a plaintiff to ratchet down the negligence claim in order to render more visible the conceptual space between the counts. Focus must instead primarily rest on the recklessness — sufficiency of that count.
Construed in a manner most favorable to the non-movant, the plaintiff has alleged sufficient facts to sustain counts based on recklessness.
The defendants' motion to strike is denied.
NADEAU, J.